UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS M. PATE, | |
| Plaintiff, | Case No. C19-1350-RSL-MAT |
| v. | |
| SKAGIT COUNTY SUPERIOR COURT, | REPORT AND RECOMMENDATION |
| Defendant. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Nicholas Pate has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable ground for relief in this action. The Court therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

DISCUSSION

Plaintiff is currently confined at the Skagit County Community Justice Center ("SCCJC") in Mount Vernon, Washington where his is awaiting trial on unspecified criminal charges. On May 30, 2019, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 in which he alleged

REPORT AND RECOMMENDATION
PAGE - 1

that his speedy trial rights had been violated in his ongoing Skagit County Superior Court criminal proceedings. (*See* Dkt. 1.) Plaintiff identified Skagit County Superior Court as the only defendant in his complaint, and he asked that this Court rectify what he believed to be a miscarriage of justice. (*See id*. at 1, 3.)

For reasons that are unclear from the record, plaintiff originally filed his complaint in the United States District Court for the Northern District of California. (*See id*.) On August 20, 2019, the Northern District of California transferred the case to this Court upon concluding that venue was proper in the Western District of Washington. (Dkt. 9.) After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and, on September 20, 2019, issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 15.) Plaintiff was advised in the Order to Show Cause that resolution of the claim asserted in his complaint would necessarily result in this Court becoming involved in his ongoing state court proceedings, and that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings. (*Id*.)

On September 27, 2019, the Court received a letter from plaintiff which it appears may constitute his response to the Order to Show Cause. (Dkt. 16.) In that letter, plaintiff asks that his case not be dismissed and he then details deficiencies in the medical care he is receiving at the SCCJC. (*Id*.) Plaintiff asserts that if he were not being illegally held at the facility, he would be able to obtain the care necessary to appropriately address his disabilities which include muscular dystrophy and a missing limb. (*See id*.)

The United States Constitution mandates that prisoners be afforded adequate medical care while confined. However, the alleged lack of adequate care does not constitute the type of extraordinary circumstance which would justify this Court's intervention in plaintiff's ongoing state court criminal proceedings. If plaintiff wishes to challenge the adequacy of the medical care he is receiving at the SCCJC, he may do so by filing a separate civil rights action asserting such claims. The speedy trial claims asserted in the complaint before the Court in this action are simply not cognizable here.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice, under § 1915(e)(2)(B), for failure to state a cognizable ground for relief. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 6, 2019**.

DATED this 13th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge